**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In Re:<br><br>ANNA M. BAUMGART<br><br>                              Debtor. | **Bankruptcy Case<br>No. 21-40415-JMM** |

**MEMORANDUM OF DECISION**

**Appearances:**

   Kameron M. Youngblood, Idaho Falls, Idaho, former attorney for debtor.

   Andrew S. Jorgensen and Jason R. Naess, Boise, Idaho, attorney for the United States Trustee.

   Heidi Buck Morrison, Pocatello, Idaho, attorney for trustees Gary Rainsdon and Sam Hopkins.

   Debtor Anna M., Baumgart ("Debtor") filed a chapter 7[1] bankruptcy petition on July 10, 2021.  Doc. No. 1.[2]  In doing so, she was represented by attorney Kameron M.

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] The docket in this case was not made a part of the Court's record.  Nevertheless, the Court may take judicial notice of its own docket and will do so in this case.  *In re Parkinson Seed Farm, Inc.*, ___ B.R. ___, No. AP 20-08039-JMM, 2022 WL 532731, at *1 (Bankr. D. Idaho Feb. 18, 2022) (citing *Hillen v. Specialized Loan Servicing, LLC (In re Leatham)*, 2017 WL 3704512, *2 (Bankr. D. Idaho Aug. 24, 2017)) ("Pursuant to Federal Rule of Evidence 201, this Court, on its own, can take judicial notice of information that is generally known within its jurisdiction or can accurately be determined from sources whose accuracy cannot be reasonably be questioned. That includes taking notice of its own docket in the underlying case.")

MEMORANDUM OF DECISION — 1

Youngblood ("Youngblood").  Upon finding a number of concerning issues with how Youngblood was handling his cases, the United States Trustee ("UST") filed a motion for sanctions in this and over 50 other cases.  Doc. No. 37.  The Court conducted a hearing on the motions on November 18, 2021, after which it permitted supplemental briefing.  Following the briefing, the motions were deemed under advisement.

After considering the record, submissions, and arguments of the parties, as well as applicable law, this decision resolves the motion.  Fed. R. Bankr. P. 7052; 9014.

## *Analysis and Decision*

In the motion in this case, the UST does not allege any specific areas of sanctionable conduct with regard to Youngblood's representation of this Debtor.  In fact, the only time the UST references Debtor's case is in the caption.  As such, the Court has no factual basis upon which to sanction Youngblood for his representation in this case, and the motion will be denied in its entirety.[3]  A separate order will be entered.



DATED:  May 4, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

---

[3] In each of the sanctions motions, the UST contends that Youngblood's representation, taken together, establishes a "pattern and practice" of violations under § 526.  While the Court agrees that violations of § 526 have been established by other cases, the Court will not extend it to this case, where no specific conduct is alleged as sanctionable.  Accordingly, no sanctions will be imposed in this case.

MEMORANDUM OF DECISION — 2